FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 NOV 27 PM 4: 01

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

November 27, 2018

MEMORANDUM TO COUNSEL

Re: *George W. Yu Found. for Nutrition and Health, Inc. v. Twinlab Consolidation Corp., et al.*
Civil Action No. ELH-18-3625

Dear Counsel:

As you know, on August 30, 2018, plaintiff George W. Yu Foundation for Nutrition and Health, Inc. ("Yu Foundation") filed suit in the Circuit Court for Anne Arundel County against a host of defendants: Twinlab Consolidation Corp. ("Twinlab"); Naomi Whittel; Jeff Hays Films, LLC ("Hays, LLC"); Jeff Hays; Brookwell McNamara Entertainment, Inc. ("Brookwell McNamara"); David Brookwell, c/o Brookwell McNamara Entertainment, Inc.; W Products Limited ("W"); The Real Skinny on Fat, LLC ("TRSOF"), c/o Delaware Corporations, LLC ("Delaware Corporations"); and Bodhi Williams. ECF 1-2 (the "Complaint").

Yu Foundation alleges that defendants made "unauthorized video and audio recordings" during a retreat it hosted in Linthicum, Maryland. *Id.* ¶¶ 1-2. The Complaint asserts eight causes of action under Maryland law against all defendants: "Civil Conspiracy" (Count 1); "Breach of Contract" (Count 2); "Fraud" (Count 3); "Declaratory Judgment" (Count 4); "Unjust Enrichment" (Count 5); "Invasion of Privacy – Appropriation of Name or Likeness" (Count 6); "Violation of Maryland Wiretapping Electronic Surveillance Act," Md. Code (2013 Repl. Vol., 2017 Supp.), § 10-401 *et seq.* of the Courts and Judicial Proceedings Article (Count 7); and "Unfair Competition" (Count 8). *Id.* ¶¶ 99-185. Plaintiff seeks damages in excess of $75,000, as well as attorneys' fees and costs. *Id.* at 55.

On November 27, 2018, with the consent of all defendants, Whittel; Hays, LLC; Hays; Brookwell Namara; Brookwell; W; and TRSOF removed the case to federal court, pursuant to 28 U.S.C. § 1441. ECF 1 ("Notice of Removal"). They asserted that this "Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the appropriately named parties are diverse." *Id.* at 3.

Under 28 U.S.C. § 1332(a)(1), federal district courts have subject matter jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for

permanent residence in the United States and are domiciled in the same State." With exceptions not applicable here, diversity jurisdiction under § 1332 "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). However, it is not apparent from the submissions that the requirements of diversity jurisdiction are satisfied. Indeed, on the face of the Complaint, it does not appear that complete diversity exists, because both Yu Foundation and defendant Williams appear to be domiciled in Maryland. *See* ECF 1-2, ¶¶ 4, 13.

The Complaint alleges, in relevant part, that Yu Foundation "is a non-profit entity incorporated in the State of Maryland. Its current principal office address is c/o Hyatt & Weber, PA, 200 Westgate Circle, Ste. 500, Annapolis, Maryland, 21401." *Id.* ¶ 4. It further asserts that Twinlab "is an entity incorporated in the State of Florida" with its "principal office" located in Boca Raton, Florida. *Id.* ¶ 5. Whittel, who was Chief Executive Officer of Twinlab and a member of Twinlab's Board, is "a resident of the state of Florida." *Id.* ¶ 6. And, Brookwell McNamara "is an entity incorporated under the laws of the State of California" with "[i]ts principal office" located in Manhattan Beach, California. *Id.* ¶ 8. In addition, the Complaint states that Brookwell is a principal in Brookwell McNamara, and his "last known address" was in Manhattan Beach, California. *Id.* ¶ 9. Hays, LLC "is an entity organized under the laws of the State of Utah" with "[i]ts principal office address" located in Draper, Utah. *Id.* ¶ 10. The Complaint further provides that Hays, who is a principal in Hays, LLC, "appears" to be "a resident of Utah." *Id.* ¶ 11. And, TRSOF "is an entity organized and appearing to have its principal office in the State of Delaware." *Id.* ¶ 12. In addition, the Complaint alleges that W "appears to be a fictitious name for one or more individuals and/or companies, who . . . appear to include but not be limited to" Whittel, Twinlab, Brookwell McNamara, Hays, LLC, and others. *Id.* ¶ 7. According to the Complaint, Williams is an "individual[] who resides in the State of Maryland." *Id.* ¶ 13.

Under 28 U.S.C. § 1332(c)(1), a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." A corporation's "principal place of business" is "the place where [its] officers direct, control, and coordinate the corporation's activities." *Hertz*, 559 U.S. at 92-93. And, since 1844, a "state of incorporation" has been the state by whose laws the corporation was created. *Id.* at 85 (citation omitted). Thus, Yu Foundation is a citizen of Maryland.

With regard to natural persons, a party's citizenship for diversity purposes depends not on residence but rather on domicile. *See Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998). Assuming that the domicile of Williams is the same as his residence, he is domiciled in Maryland.

As noted, diversity jurisdiction under 28 U.S.C. § 1332 "requires complete diversity among parties, meaning that the citizenship of *every* plaintiff must be different from the citizenship of *every* defendant." *Cent. W. Va. Energy Co.*, 636 F.3d at 103 (emphasis added). Thus, the Complaint plainly does not allege *complete* diversity of citizenship, because both Yu Foundation and Williams are citizens of Maryland.

Two defendants—Hays, LLC and TRSOF—are limited liability companies ("LLC"). "For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members." *Mountain State*, 636 F.3d at 103. With respect to an LLC, citizenship "must be traced through however many layers of partners or members there may be." *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003). In other words, the citizenship of each member must be considered. The Notice of Removal does not reflect any consideration of the place of domicile for members of the LLCs.

This Court, like all federal courts, has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz*, 559 U.S. at 94. Because I cannot determine whether diversity jurisdiction has been established, I ask defense counsel to clarify the basis for jurisdiction on this ground, due by **December 11, 2018**.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

Very truly yours,

/s/
Ellen Lipton Hollander
United States District Judge